IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00545-EWN-KLM

JOHNNY A. MONTANA,

    Plaintiff(s),

v.

STEVE HARGETT,
RANDY MARTINEZ,
ANGELA ALCON, and
SHERRI VAN METER,

    Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Martinez's Motion to Dismiss Plaintiff's Prisoner Complaint** [Docket No. 31; Filed August 19, 2008] ("Motion to Dismiss"). Despite being directed to respond and being given an extension of time to do so [Docket No. 36], Plaintiff did not file a response to the Motion to Dismiss. Regardless, because Plaintiff is proceeding *pro se*, the Court gives Plaintiff the benefit of liberal pleading interpretation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless dismiss his case if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.[1]

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *Cf.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth

Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the Motion has been referred to this Court for recommendation. The Court has reviewed the Motion to Dismiss, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion to Dismiss [#31] be **GRANTED**.

## I. Factual Background

While incarcerated at the Crowley County Correctional Facility ("CCCF") in Olney Springs, Colorado, Plaintiff claims that CCCF correctional officers Angela Alcon and Sherri Van Meter searched his cell and destroyed some of his legal materials and personal effects. *Complaint* [#3] at 4. Plaintiff claims that he complained to CCCR officer Randy Martinez who told him "that it was a normal shakedown," and Plaintiff could file a grievance. *Id.* at 4-5. The alleged incident occurred on June 7, 2002. *Id.* at 3-4. On March 30, 2007, nearly five years after the alleged shakedown, Plaintiff filed a complaint in this Court seeking relief pursuant to 42 U.S.C. § 1983. *Id.* at 1.

In his complaint, Plaintiff asserts two claims for relief:

Claim I      Denial of Access to the Courts

Claim II      Retaliation

*Id.* at 4-5. In addition to Martinez, Alcon, and Van Meter, Plaintiff names as Defendants Steve Hargett and Jane and John Does "I through X." The complaint does not attribute any conduct to Defendant Hargett, except to note that he was the acting CCCF warden at the

---

Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).

time of the incident. *Id.* at 2. In addition, the complaint does not attribute any conduct to unknown parties or provide a link between unknown parties and the claims at issue. Plaintiff seeks declaratory and monetary relief from all named parties. *Id.* at 8.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Finally, as noted above, the Court must construe the filings of a *pro se* litigant liberally. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Motion to Dismiss

Defendant Martinez filed a Motion to Dismiss Plaintiff's case as to him.  He raises compelling procedural and pleading deficiencies with Plaintiff's complaint.  Specifically, Defendant Martinez contends that Plaintiff's claims are barred by the statute of limitations and because Plaintiff fails to allege his personal participation.  *Motion to Dismiss* [#31] at 3-4.  The Court finds these defenses to be dispositive of Plaintiff's ability to pursue this action against Defendant Martinez and chooses to resolve the Motion to Dismiss on these grounds, rather than on the merits of each claim.

####    A.    Statute of Limitations

Because the incident alleged in Plaintiff's complaint occurred in Colorado, the Colorado statute of limitations applies.  In Colorado, a two-year statute of limitations applies to Plaintiff's case brought pursuant to § 1983.  *See* Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought . . . shall be commenced within two years . . . ."); *see also Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) (finding that "§ 1983 claims are best characterized as personal injury actions and we therefore apply" the State of Colorado's two-year statute of limitations (citation omitted)).  Here, the alleged constitutional violations occurred on June 7, 2002.  Therefore, without considering any other factors, the two-year statute of limitations appears to have expired on June 7, 2004.

Fed. R. Civ. P. 12(b)(6) "is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with a limitations period." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 n.3 (10th Cir.

1999), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). To this end, "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Here, Plaintiff's March 20, 2007 complaint was filed well after expiration of the statute of limitations and should be procedurally barred unless a legitimate basis for tolling the statute exists. There is no basis evident from Plaintiff's complaint to toll the statute of limitations. Indeed, Plaintiff indicates that as of the date of the alleged illegal shakedown, he was aware that his belongings had been destroyed, and he immediately set about grieving his alleged injuries. *Id.* at 4-5. Further, Plaintiff failed to respond to the Motion to Dismiss and to establish a factual basis for tolling the statute. Accordingly, on these pleadings, the statute of limitations bars Plaintiff's claims.

### B. Personal Participation

Evidence of a party's personal participation is essential to proceeding with a claim against that party. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Interpreting Plaintiff's complaint liberally, Plaintiff's sole allegation against Defendant Martinez is that he did nothing to remedy Defendant Alcon and Van Meter's destruction of Plaintiff's belongings. *Complaint* [#3] at 4-5. On these pleadings, it is unclear on what basis Plaintiff intends to assert liability against Defendant Martinez.

First, considering whether Plaintiff intended to assert supervisory liability against Defendant Martinez, his complaint must be based upon more than the mere allegation that because an individual is a supervisor, he is also responsible for Plaintiff's alleged injuries.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399-00 (10th Cir. 1992) (noting that in order to plead the liability of a supervisor, a plaintiff must show he knew plaintiff's rights were being violated but did not prevent it); *Benglen v. Zavaras*, 7 F. Supp. 2d 1171, 1173-74 (D. Colo. 1998) (requiring an "affirmative link" between supervisor's own conduct and the alleged violation). "Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 2006)). Here, Plaintiff does not allege that Defendant Martinez was responsible for Defendant Alcon and Van Meter's conduct, that he participated in the conduct, or that he knew about it prior to these Defendants' alleged destruction of Plaintiff's belongings.

Second, considering whether Plaintiff intended to assert liability against Defendant Martinez based on his conduct associated with Plaintiff's grievance, mere participation in the grievance process is an insufficient basis for holding an individual liable for the underlying injury. *Boles v. Dansdill*, No. 05-cv-01661-PSF-CBS, 2007 WL 2770473, *4 (D. Colo. Sept. 20, 2007) (unpublished decision); *see also Coates v. Sheahan*, No. 94-cv-6107, 1995 WL 430950, *2 (N.D. Ill. July 18, 1995) (unpublished decision) (holding that grievances submitted to a supervisory official are insufficient to establish the official's personal participation in a constitutional violation). Here, Plaintiff does not explain how Defendant Martinez's conduct during the grievance process caused his injury. Moreover, Plaintiff does not contend that Defendant Martinez had any authority or responsibility to remedy his alleged injury.

6

Looking at each claim specifically, the Court finds that Plaintiff has failed to allege any conduct attributable to Defendant Martinez that would plausibly support a claim against him for denial of access to the courts or retaliation.  In regard to Plaintiff's access to the courts claim, Plaintiff's complaint does not contain any reference to how Defendant Martinez impeded Plaintiff's ability to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996).  In regard to Plaintiff's retaliation claim, Plaintiff's complaint does not contain any specific allegation that Defendant Martinez was motivated to harm Plaintiff due to Plaintiff's alleged exercise of his constitutional rights.  *See Peterson v. Shanks,* 149 F.3d 1140,1144 (10th Cir.1998); *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

Given that Plaintiff has failed to assert any personal participation of Defendant Martinez in the alleged violation of his constitutional rights, Plaintiff has not satisfied his pleading burden in relation to him.  Accordingly, Plaintiff's complaint should be dismissed as to Defendant Martinez.

### IV.  Dismissal of Unserved Defendants

Defendants Hargett, Alcon, and Van Meter have not been served with the summons and complaint in this action and, therefore, are not currently proper parties.  The complaint was filed on March 20, 2007 [Docket No. 3].  By Orders dated April 24, 2007 and July 18, 2008 [Docket Nos. 13 & 29], the United States Marshal was directed to serve a copy of the summons and complaint on all Defendants in the above-captioned matter.  On August 25, 2008, the summons was returned unexecuted for Defendants Hargett, Alcon, and Van Meter with a notation that these Defendants were no longer employed by the CCCF and there were no forwarding addresses [Docket Nos. 34-1 through -3 ].  While Fed. R. Civ. P.

4(c) requires that the Court effect service of the summons and complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. See *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).

To this end, on September 22, 2008, the Court required Plaintiff to show cause why this Court should not recommend that the case against Defendants Hargett, Alcon, and Van Meter be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or 41(b) [Docket No. 36]. Plaintiff was directed to file proof of service on Defendants Hargett, Alcon, and Van Meter, or respond, in writing, to the Order to Show Cause on or before October 13, 2008. He was warned that a failure to respond and show good cause for Plaintiff's failure to properly serve these Defendants would result in this Court issuing a recommendation to dismiss Plaintiff's action as to them. Plaintiff did not respond.

Fed. R. Civ. P. 4(m) authorizes the Court to dismiss a party's case for his failure to timely serve a summons and complaint unless the party can show good cause for his failure. In this case, Plaintiff failed to provide good cause for his failure to timely serve Defendants Hargett, Alcon, and Van Meter. Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995), the Court is not inclined to do so here. The case has been pending since March 20, 2007, and it relates to an incident that allegedly occurred on June 7, 2002. Moreover, Plaintiff was warned that his failure to provide good cause would likely result in a recommendation of dismissal, and Plaintiff was aware even before the Court's warning that these Defendants had not been served [Docket Nos. 34 & 36]. See *Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, *3 at & n.4 (D.

Colo. Feb. 13, 2008) (unpublished decision).

As is generally the case with dismissals pursuant to Rule 4(m), the Court recommends dismissal without prejudice. I note that even a dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling." *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. Oct. 28, 2005) (unpublished decision). On these pleadings, Plaintiff is procedurally barred from pursuing his claims. Therefore, dismissal of Defendants Hargett, Alcon, and Van Meter without prejudice may operate, in essence, as a dismissal with prejudice.

Under such circumstances, where Plaintiff may be barred from refiling by the applicable statute of limitations, a court must "explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986); *see also Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (dismissal without prejudice when the statute of limitations has run operates as an extreme sanction which should only be levied when lesser sanctions would not serve the interests of justice). As such, I find that it would be highly prejudicial for any Defendant to be hailed into court more than six years after the complained-of event, nearly two years after the case was filed, and after the filing of a recommendation that Defendant Martinez be dismissed from the case based, in part, on the statute of limitations. I further find that there appears to be no lesser sanction which would serve the interests of justice, especially considering that Plaintiff failed to take the opportunity given to him and provide good cause for his failure to serve or locate an alternate address for these individuals. Accordingly, Plaintiff's

complaint should be dismissed as to all unserved Defendants.[2]

## V. Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendant Martinez's Motion to Dismiss [Docket No. 31] be **GRANTED**, and Plaintiff's complaint against him be **dismissed with prejudice**.

IT IS FURTHER RECOMMENDED that the Order to Show Cause [Docket No. 36] be made **ABSOLUTE**, and Plaintiff's case against Defendants Hargett, Alcon, Van Meter, and Jane and John Doe's "I through X" be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review

---

[2] To the extent that Plaintiff named unknown parties in his complaint (Jane and John Does "I through X"), he has failed to identify or serve them with a summons and complaint, or provide sufficient information for the Court to serve them. Plaintiff had 120 days from March 20, 2007 – the date his complaint naming these unknown individuals was filed – within which to serve them. As noted above, Fed. R. Civ. P. 4(m) authorizes the Court to dismiss parties due to the failure to timely serve the summons and complaint. *See Espinoza*, 52 F.3d at 840-41; *Hill*, 2008 WL 2020289, at *6 . As such, I recommend that the unknown parties be dismissed as well.

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 23, 2008

                   <u>s/ Kristen L. Mix    </u>
                   Kristen L. Mix
                   United States Magistrate Judge